IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY ALLEN ROBINSON, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-09-CV-0086-O |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregory Allen Robinson, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On October 16, 2008, petitioner pled guilty to theft of property valued at under $1,500 and was sentenced to one year confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application is currently pending. *Ex parte Robinson*, No. W-08-00968-A (292nd Dist. Ct., Dallas Co., Tex.) (filed Dec. 12, 2008). In his federal writ, petitioner contends that: (1) his conviction was the result of an illegal search and an unlawful arrest; (2) he was denied the right to cross-examine witnesses; and (3) he was "tricked" into bringing the stolen property to the arresting officer.

After petitioner filed his federal writ, wherein he indicates that none of his claims have yet been presented to the Texas Court of Criminal Appeals, the court verified that petitioner's application

for state post-conviction relief is still pending in the trial court. The court therefore determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Although petitioner has filed an application for state post-conviction relief, the application is still pending in the trial court. A search of the official websites of the Dallas County courts and the Texas Court of Criminal Appeals reveals that nothing has been filed with the appeals court. Because the highest available state court has not had an opportunity to consider petitioner's claims, his federal writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE